IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| NADINE H. SLAVITT, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br>v.<br><br>7 CUPS OF TEA, CO., d/b/a 7 CUPS, a Delaware corporation,<br><br>Defendant | **CIVIL ACTION**<br><br>No. _____ |

**PLAINTIFF'S CLASS ACTION COMPLAINT**

Plaintiff, Nadine H. Slavitt, on her own behalf and on behalf of all others similarly situated, hereby files her Class Action Complaint against Defendant 7 Cups of Tea, Co. ("7 Cups"), and in support thereof alleges as follows:

**I.     INTRODUCTION**

1.     Plaintiff brings this class action after learning that 7 Cups had misappropriated and misused her reputation and experience as a therapist and social worker, falsely advertising that Plaintiff is somehow affiliated or associated with 7 Cups to lure individuals seeking therapy and counseling services within the Eastern District of Pennsylvania (and beyond) into subscribing to 7 Cups' services, when in fact Plaintiff and 7 Cups have no affiliation or relationship whatsoever, in violation of the Lanham Act.

2.     Plaintiff seeks an injunction to stop 7 Cups' false and unlawful advertising and unfair competition practices, an order for disgorgement of profits, and an award of attorneys' fees and costs.

## II.     JURISDICTION AND VENUE

3. This Court has subject matter jurisdiction over the claims in this Complaint under the Lanham Act, 15 U.S.C. § 1125(a), and 28 U.S.C. §§ 1331 and 1338(a) and (b), because these claims arise under the trademark and unfair competition laws of the United States.

4. Venue is proper in this district, and this Court has personal jurisdiction over 7 Cups, because 7 Cups regularly conducts business within the Eastern District of Pennsylvania, and 7 Cups' activities that are the subject matter of this action have been directed to and caused their intended harm in the Eastern District of Pennsylvania.

## III.    THE PARTIES

5. Plaintiff, Nadine H. Slavitt is an adult citizen of the Commonwealth of Pennsylvania, residing in Merion Station, Pennsylvania.

6. Defendant 7 Cups of Tea, Co. is a Delaware corporation with its principal place of business located at 828 Bryant Street, Suite B, Palo Alto, California.  7 Cups can be served with process through its registered agent Harvard Business Services, Inc., located at 16192 Coastal Highway, Lewes, Delaware 19958.

## IV.     FACTUAL ALLEGATIONS

7. Plaintiff is a Pennsylvania-licensed clinical social worker and therapist specializing in counseling adults and couples.

8. 7 Cups owns and developed the 7 Cups: Online Therapy and Chat App, a popular virtual platform in the mental health space.

9. 7 Cups holds itself out as an emotional support platform, offering the public access to "listeners"—unlicensed volunteers who listen to users' grievances—as a means of support for their worries, stresses, and challenges.

2

10. The 7 Cups platform touts 24/7 real-time access to free emotional support and counseling services from trained, active listeners, in an easy-to-use chat app and browser-based website.

11. In addition, the 7 Cups platform offers the option of purchasing chat-based therapy sessions with licensed therapists, access to chat rooms and community forums, mindfulness activities, and free wellness tests.

12. 7 Cups claims to reach more than a million people each month, with active listeners volunteering in 191 counties and providing support in 152 languages, billing itself as "the largest mental health system in the world."

13. 7 Cups also maintains a public access directory comprised of profiles 7 Cups has scraped from the internet listing real, reputable, licensed mental health professionals, including Plaintiff, on its website.

14. Although 7 Cups represents that Plaintiff, and the other members of the Class, are "not employed by 7 Cups," it creates a false association between Plaintiff and the members of the Class, on the one hand, and 7 Cups, on the other, offering users of the 7 Cups platform an ostensible means to contact each of the listed professionals directly using a "Send Message" button for each clinician listed in the directory.

15. Plaintiff's unauthorized profile on the 7 Cups directory was copied directly from the Plaintiff's paid and authorized profile on Psychology Today, a reliable and reputable industry publication well-known for its directory of therapists and psychologists (similar to Martindale-Hubble's directory for attorneys).

16. Plaintiff derives a substantial portion of her business from clients who have found her, or vetted her, through Psychology Today's directory.

17. The only apparent difference between Plaintiff's paid and authorized profile in Psychology Today and the unauthorized profile used by 7 Cups on its platform is that the photograph on 7 Cups' platform appears to be of a young man on a hike at sunrise or sunset—but most definitely not a photograph of Plaintiff.

18. Plaintiff's unauthorized 7 Cups profile includes a "Send Message" button purporting to connect the user with Plaintiff.

19. The "Send Message" button on Plaintiff's unauthorized 7 Cups profile, however, does not serve to contact Plaintiff at all.

20. Instead, when a user clicks on the "Send Message" button, she or he receives an email directing the user to 7 Cups' own "active listening" services, which upon information and belief are performed by volunteers who are not licensed mental health professionals.

21. 7 Cups uses the user information developed through its misuse of Plaintiff's profile (and the Class's profiles) to promote and encourage users to subscribe to 7 Cups' paid services.

22. Based on reporting, this is also the case with most if not all clinicians listed on the 7 Cups directory, including all members of the Class.

23. In so doing, 7 Cups passes itself off as providing licensed clinical services it is not licensed to provide and creates a false association between 7 Cups and Plaintiff (as well as other members of the Class), trading on unearned professional experience and reputation and exposing users to serious harm to their mental and emotional health.

24. 7 Cups is also diverting business and profiting unlawfully trading, without authorization, on the reputation and experience of the licensed clinicians listed in the 7 Cups directory, including Plaintiff.

## V.    CLASS ACTION ALLEGATIONS

25.    Pursuant to Fed. R. Civ. P. 23, Plaintiff brings this action individually and on behalf of the following Classes:

**Nationwide Class:** All clinicians whose profiles are posted on the 7 Cups directory without their authorization.

**Pennsylvania Subclass:** All clinicians in Pennsylvania whose profiles are posted on the 7 Cups directory without their authorization.

26.    Excluded from the Classes are: (1) any Judge or Magistrate presiding over this action and any members of their immediate families; (2) the Defendant, Defendant's subsidiaries, affiliates, parents, successors, predecessors, and any entity in which the Defendant or its parents have a controlling interest and their current or former employees, officers, and directors; and (3) Plaintiff's counsel and Defendant's counsel.

27.    **Numerosity:**  The exact number of members of each Class is unknown and currently unavailable to Plaintiff's counsel, but individual joinder in this case is impracticable. The Classes likely consists of thousands of individuals, and the members can be identified through 7 Cup's records.

28.    **Typicality:** Plaintiff's claims are typical of the claims of the Class members because, among other things, Plaintiff sustained similar injuries to those of the Class members as a result of Defendant's uniform wrongful conduct, and her legal claims all arise from the same events and wrongful conduct by Defendant.

29.    **Predominant Common Questions:** The Classes' claims present common questions of law and fact, and those questions predominate over any questions that may affect individual Class members. Common questions for the Classes include, but are not limited to, the following:

   a) Whether 7 Cups engaged in the activities referenced herein;

5

b) Whether 7 Cups made any effort to ensure that users who clicked on the "Send Message" button on its platform reached the intended recipient clinician;

c) Whether 7 Cups used the "Send Message" button to market its own services, rather than those of the published clinician, to potential users of its platform;

d) Whether 7 Cups generated subscribers to its services through the automated messages it issued when users clicked the "Send Message" button on its platform;

e) Whether 7 Cups generated paid subscribers to its services through the automated messages it issued when users clicked the "Send Message" button on its platform;

f) Whether 7 Cups engaged in false association unfair competition under 15 U.S.C. § 1125(a)(1)(A) by representing some form of affiliation between 7 Cups and the Plaintiff and the Class;

g) Whether 7 Cups engaged in false advertising unfair competition under 15 U.S.C. § 1125(a)(1)(B) by representing that it would communicate user interest in clinical mental health services to Plaintiff and the Class;

h) Whether 7 Cups' conduct brings this case within the definition of an "exceptional case" under 15 U.S.C. § 1117;

i) The profits generated by 7 Cups from paid subscribers developed through the "Send Message" button on its platform; and

j) The nature of the relief, including equitable relief, to which Plaintiff and Class members are entitled.

30. **Ascertainability:** Class Members can easily be identified by an examination of 7 Cups' business records or other documents in 7 Cups' possession, custody, or control.

31. **Adequacy:** Plaintiff will fairly and adequately protect the interests of the Class members. Plaintiff's interests do not conflict with the interests of the Class members and Plaintiff has retained counsel experienced in complex class action cases to prosecute this case on behalf of the Class.

32. **Superiority:** A class action is superior to all other available methods for the fair and efficient adjudication of this controversy since a joinder of all members is impracticable. Furthermore, as damages suffered by Class members may be relatively small, the expense and burden of individual litigation make it impossible for class members to individually redress the

wrongs done to them. Individualized litigation also presents a potential for inconsistent or contradictory judgments, and increases the delay and expense presented by the complex legal and factual issues of the case to all parties and the court system. By contrast, the class action device presents far fewer management difficulties and provides the benefits of a single adjudication, economy of scale, and comprehensive supervision by a single court.

33. Accordingly, this class action is properly brought and should be maintained as a class action because questions of law or fact common to Class members predominate over any questions affecting only individual members, and because a class action is superior to other available methods for fairly and efficiently adjudicating this controversy.

34. This class action is also properly brought and should be maintained as a class action because Plaintiff seeks injunctive and equitable relief on behalf of the Class members on grounds generally applicable to the proposed Class. Certification is appropriate because 7 Cups has acted or refused to act in a manner that applies generally to the proposed Class, making final injunctive and equitable relief appropriate.

### COUNT I – FALSE ASSOCIATION UNFAIR COMPETITION

35. Plaintiff re-alleges and incorporates by reference all preceding paragraphs.

36. 7 Cups has used and continues to use Plaintiff's name and profile (as well as the names and profiles of the members of the Class) on its 7 Cups directory, and thereby has exploited her (and the Class members') professional reputation, in interstate commerce.

37. By using Plaintiff's name and profile, as well as the names and profiles of Class members, on the 7 Cups directory, 7 Cups has falsely associated itself, and continues to falsely associate itself, with Plaintiff as well as members of the Class.

38.     7 Cups' false association with Plaintiff (and the Class) creates a likelihood of confusion that Plaintiff (and the Class) is somehow associated with, or endorses, 7 Cups—which she is (and they are) not.

39.     As a direct and proximate cause of 7 Cups wrongful use of Plaintiff's name, profile, and associated reputation, as well as the names, profiles, and associated reputations of the Class members, 7 Cups has caused harm to Plaintiff (and the Class).

### COUNT II – FALSE ADVERTISING UNFAIR COMPETITION

40.     Plaintiff re-alleges and incorporates by reference all preceding paragraphs.

41.     7 Cups has used and continues to use Plaintiff's name and profile (as well as the names and profiles of the Class members) on its 7 Cups directory, and thereby has exploited her (and the Class's) professional reputation, in interstate commerce.

42.     The 7 Cups directory constitutes a commercial advertisement and/or promotion.

43.     7 Cups' use of Plaintiff's name and profile (as well as the names and profiles of the Class members) on its 7 Cups directory is deceptive or has a tendency to deceive as well as to influence the purchasing decisions of a substantial portion of the intended audience.

44.     As a direct and proximate cause of 7 Cups false advertising by using Plaintiff's name, profile, and associated reputation, as well as the names, profiles, and associated reputations of the members of the Class, 7 Cups has caused harm to Plaintiff (and the Class).

**VI.    PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff Nadine H. Slavitt, individually and on behalf of all members of the Class proposed in this Complaint, respectfully requests that the Court enter judgment in their favor and against Defendant 7 Cups, as follows:

   a) Determining that this action may be maintained as a class action under Rule 23 of the Federal Rules of Civil Procedure and appointing her Counsel to represent the Class;

b) Finding Defendant 7 Cups' conduct was unlawful as alleged herein;

c) Enjoining Defendant 7 Cups from engaging in the wrongful conduct complained of herein;

d) Requiring restitution and disgorgement of the profits wrongfully generated and retained as a result of Defendant 7 Cups' wrongful conduct;

e) Awarding Plaintiffs and the members of the Class costs of suit and attorneys' fees, as allowable by law; and

f) Granting such other and further relief as this court may deem just and proper.

**FREIWALD LAW, P.C.**

By: _____
Ilan Rosenberg
Attorney ID 89668
ir@freiwaldlaw.com
Aaron J. Friewald
Attorney ID 78028
ajf@freiwaldlaw.com
Zachary S. Feinberg
Attorney ID 325297
zsf@freiwaldlaw.com
123 South Broad Street
Suite 2170
Philadelphia, PA 19109
Tel. 215-875-8000
Fax 215-875-8575

*Attorneys for Plaintiff*
*Nadine H. Slavitt*

Dated: May 5, 2025